IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:26-cv-221

**PATRICIA MORA,**

    Plaintiff,

v.

**MAVERICK ADVENTURE'S FIRST STOP, KUM & GO,**
and **KUM & GO FOODSTORES, LLC,** and **KUM & GO L.C.,**

    Defendants.

## NOTICE OF REMOVAL

COME NOW, Defendants Maverick Adventure's First Stop, Kum & Go, and Kum & Go Foodstores, LLC, and Kum & Go L.C.[1] ("Defendants"), by and through their attorneys of record, Christopher R. Reeves and Yana K. Durell of Montgomery | Amatuzio, and respectfully submit this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds therefore, Defendants states as follows:

    1.    On December 15, 2025, Plaintiff Patricia Mora ("Plaintiff") filed a Complaint (with Jury Demand) (the "Complaint") against the Defendants in the District Court, Garfield County, Colorado, entitled *Patricia Mora v. Maverick Adventure's First Stop, Kum & Go, and Kum & Go*

---

[1] There is only one legal entity, which is Kum & Go, L.C. d/b/a Kum & Go Foodstores, LLC d/b/a Maverik Group, LLC. "Maverick Adventure's First Stop" and "Kum & Go" are not proper legal entities. Kum & Go Foodstores, LLC is an assumed name of Kum & Go, L.C.; it is not a separate legal entity.

*Foodstores, LLC, and Kum & Go, L.C.*, Case No. 2025CV30213 (the "State Court Action"). **See Exhibit A**, Complaint.

2. Plaintiff alleges that she suffered injuries resulting from a slip and fall in the parking lot of a Kum & Go store located at 705 Taugenbaugh Boulevard Rifle, CO 81650. Exh. A at ¶¶ 34, 55, 56.

3. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28. U.S.C. § 1332(a).

4. To meet the diversity requirement of 28 U.S.C. § 1332(a), there must be "complete diversity" between the plaintiff and all defendants, meaning that no defendant can be from the same state as any plaintiff. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005). The diversity requirement of § 1332(a) is satisfied here, as the parties are completely diverse.

5. Kum & Go, L.C. d/b/a Kum & Go Foodstores, L.L.C. n/k/a Maverik Group, L.L.C. is, and was, at the time the Notice of Removal was filed, an Iowa Limited Liability Company with its principal office address of 185 S. State Street, Suite 800, Salt Lake City, UT 84111. **Exhibit B,** Colorado Secretary of State Maverik Group, LLC Corporate Summary; **Exhibit C**, Affidavit of Travis Goff.

6. The citizenship of a limited liability company is determined by the citizenship of each of its members. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). At the time the Notice of Removal was filed, Kum & Go, L.C. d/b/a Kum & Go Foodstores, L.L.C. n/k/a Maverik Group, LLC, was, and currently is, a citizen of Iowa and none of the members of Kum & Go, L.C. reside in the State of Colorado. Exh. C.

7. Kum & Go Foodstores, L.L.C. is not a separate legal entity. It is an assumed name of Kum & Go, L.C., which operates as Kum & Go Foodstores, L.L.C. n/k/a Maverik Group, L.L.C. in Colorado. Exh. C.

8. Maverick Adventure's First Stop is not a proper legal entity.

9. Kum & Go is not a proper legal entity.

10. Plaintiff states that she resides in the State of <u>Colorado</u>. Exh. A at ¶ 8. Therefore, complete diversity among the parties (Kum & Go, L.C. d/b/a Kum & Go Foodstores, L.L.C. n/k/a Maverik Group, L.L.C. and the Plaintiff) exists because Kum & Go, L.C. does not share a common state of citizenship with Plaintiff. See *Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo. 2000).

11. In accordance with 28 U.S.C. § 1332(b), the amount in controversy in this matter exceeds $75,000.00, exclusive of interest and costs. This matter arises from an alleged personal injury incident that occurred on January 29, 2025. See, Ex. A at ¶ 2. Plaintiff alleges that Kum & Go, L.C. breached its duties to exercise reasonable care to protect Plaintiff from dangers which Defendant knew or should have known existed, thereby causing injury to Plaintiff. Ex. A at ¶¶ 146-153. Plaintiff alleges her claims against Kum & Go, L.C. exceed $100,000 and seeks a judgment in excess of $100,000. See **Exhibit D**, Civil Cover Sheet. Therefore, the alleged damages at issue exceed the needed amount in controversy of $75,000.

12. The Tenth Circuit Court of Appeals has found that the Civil Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." See *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016) ("There is no ambiguity in the cover sheet. And we see no reason not to credit an assertion by an officer of the

3

court on a matter of significant consequence in the state proceeding . . ."); *Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1144 (D. Colo. 2006) (holding that "the civil case cover sheet falls within the term 'other paper' for determining the time within which removal papers must be filed"). Here, the Civil Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000 is sought by Plaintiff against Kum & Go, L.C., exclusive of interest and costs. Ex. D, ¶ 2. Therefore, the jurisdictional amount in controversy has been met.

      13.      The timing for removal is controlled by 28 U.S.C. § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). Kum & Go, L.C. was served in Colorado on December 23, 2025. See **Exhibit E**, Return of Service. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because Kum & Go, L.C. has filed within thirty (30) days of service. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day clock for removal does not begin running until service is perfected).

      14.      Venue properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C § 1441(a) because this district embraces the place where the State Court Action is pending.

      15.      Pursuant to D.C.Colo.LCivR 81.1, Defendants represent that there is Motion for Extension of Time to file a Responsive Pleading pending and there are no hearings scheduled in the State Court Action.

4

16. Thus, the State Court Action may be removed to this Court by Kum & Go, L.C. and in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the District of Colorado; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. Pursuant to 28 U.S.C. § 1446(d), Kum & Go will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the State Court Action.

18. The documents required by D.C.Colo.LCivR 81.1 and 28 U.S.C. § 1446(a) and which have been filed in this matter in the State Court Action are attached to this Notice of Removal as Exhibit A (Complaint), Exhibit D (Civil Cover Sheet), Exhibit E (Return of Service), Exhibit F (Delay Reduction Order), Exhibit G (Summons to Kum & Go, L.C.), Exhibit H (Summons to Kum & Go Foodstores, L.L.C.), Exhibit I (Summons to "Kum & Go"), Exhibit J (Summons to "Maverick Adventure's First Stop"), Exhibit K (Defendants' Motion for Extension of Time to File a Responsive Pleading), and Exhibit L (Proposed Order Granting Defendants' Motion for Extension of Time to File a Responsive Pleading). The current state court docket sheet is being filed contemporaneously under separate cover. There are no pending motions, petitions, or related responses in the State Court Action.

19. By filing this Notice of Removal, Defendants do not waive any defenses that may be available to them.

WHEREFORE, Defendants hereby remove the above-captioned action from the District Court, Garfield County, Colorado, and request that further proceedings be conducted in this Court as provided by law.

Respectfully filed on January 20, 2026.

        MONTGOMERY | AMATUZIO

        By: *s/Yana K. Durell*
           Christopher R. Reeves
           Yana K. Durell

        720 S. Colorado Blvd., Ste. 1200-N
        Denver, Colorado 80246
        Telephone: (303) 592-6600
        creeves@mac-legal.com
        ydurell@mac-legal.com

        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on all represented parties, through their counsel of record, using the Colorado Courts CM/ECF E-Filing system or email, and on all pro se parties (if any) by email or by United States mail.

        *s/Corinne Byes*
        Corinne Byes, Legal Assistant