| | |
|---|---|
| GARFIELD COUNTY DISTRICT COURT STATE OF COLORADO<br>109 8th Street<br>Suite 104<br>Glennwood Springs, CO 81601 | DATE FILED<br>December 15, 2025 2:45 PM<br>FILING ID: 2B30AAC9812BC<br>CASE NUMBER: 2025CV30213 |
| Plaintiff(s): **PATRICIA MORA,**<br><br>v.<br><br>Defendant(s): **MAVERICK ADVENTURE'S FIRST STOP, KUM & GO, and KUM & GO FOODSTORES, LLC, and KUM & GO, L.C.** | ▲ Court Use Only ▲ |
| *Attorneys for Plaintiff*:<br>Juliet L. Stockton, Esq., #43193<br>**Ramos Law**<br>10190 Bannock Street<br>Suite 200<br>Northglenn, Colorado 8060<br>Telephone: (303) 406.4536<br>Facsimile: 303-865-5666 not designated<br>Jstockton@ramoslaw.com | Case No.:<br><br>Div:<br><br>Ctrm: |
| **COMPLAINT** ||

COMES NOW Plaintiff, Patricia Mora, by and through her attorneys, Juliet Stockton Esq. and Ramos Law, and brings this Complaint against Defendants Maverick Adventure's Fist Stop (hereinafter "Defendant Maverick"), Kum & Go (hereinafter "Defendant Kum & Go"), Kum & Go Foodstores, LLC,(hereinafter "Defendant Foodstores") and Kum & Go, L.C. (hereinafter "Defendant L.C.") (hereinafter collectively "Defendants") and in support thereof, Plaintiff states and alleges the following:

## INTRODUCTION

1. Plaintiff, Patricia Mora (hereinafter "Plaintiff"), seeks compensatory damages arising under the Premises Liability Statute.

2. On or about January 29, 2025, Plaintiff was injured when she slipped and fell due to ice on the parking lot surface and sidewalk after making a purchase and existing the Maverick Adventure's First Stop located at 705 Taugenbaugh Boulevard Rifle, CO 81650 (hereinafter "the Premises").

3. As a result of the subject incident on or about January 29, 2025, Plaintiff suffered economic damages, noneconomic damages, and physical impairment described herein.

4. Upon information and belief, the Premises was owned controlled, occupied, maintained, and/or managed by the Defendants individually and respectively Maverick Adventure's First Stop, Kum & Go, and Kum & Go Foodstores, LLC, and Kum & Go, L.C. on or about January 29, 2025.

## PERSONAL JURISDICTION

5. Pursuant to C.R.S. § 13-1-124, this Court has personal jurisdiction over the parties to this action as the alleged incident occurred on the premises owned, controlled, occupied, maintained, and/or managed by the Defendants in Colorado.

## SUBJECT MATTER JURISDICTION

6. Pursuant to C.R.S.A. Const. Art. 6 § 9, this Court has subject matter jurisdiction over this action because it involves a civil matter, and the amount in controversy exceeds $25,000.00.

## VENUE

7. Pursuant to C.R.C.P. 98(c), venue is proper in Garfield County District Court because Defendants conduct business in Garfield County, Colorado.

## GENERAL ALLEGATIONS

8. At all times material hereto, Plaintiff was a resident of County of Garfield, State of Colorado.

9. At all times material hereto, Defendant Maverick was a Iowa Foreign Corporation, licensed to conduct business in the State of Colorado.

10. At all times material hereto, the Defendant conducted business under the trade name Maverick's Adventure First Stop.

11. At all times material hereto, Defendant's principal office street address was 705 Taugenbaugh Boulevard Rifle, CO 81650.

12. At all times material hereto, Defendant was registered with the Colorado Secretary of State as Kum & Go Foodstores, LLC and Kum & Go, L.C.

13. At all times material hereto, Defendant's registered agent was Corporation Service Company located at 1900 West Littleton Blvd, Littleton, CO 80120, US.

14. At all times material hereto, Defendant Maverick conducted business in the County of Garfield, State of Colorado.

15. At all times material hereto, Defendant Maverick was a Iowa Foreign Corporation, licensed to conduct business in the State of Colorado.

16. At all times material hereto, the Defendant conducted business under the trade name Kum & Go.

17. At all times material hereto, Defendant Kum & Go's principal office street address was 1150 Locust Street, Suite 301, Des Moines, IA 50309, US.

18. At all times material hereto, Defendant Kum & Go was registered with the Colorado Secretary of State as Kum & Go Foodstores, LLC and Kum & Go, L.C.

19. At all times material hereto, Defendant Kum & Go's registered agent was Corporation Service Company located at 1900 West Littleton Blvd, Littleton, CO 80120, US.

20. At all times material hereto, Defendant Kum & Go conducted business in the County of Garfield, State of Colorado.

21. At all times material hereto, the Premises was located at 705 Taugenbaugh Boulevard Rifle, CO 81650.

22. At all times material hereto, the Defendant conducted business under the trade name Kum & Go Foodstores, LLC ("Defendant Foodstores").

23. At all times material hereto, Defendant Foodstores' principal office street address was 1150 Locust Street, Suite 301, Des Moines, IA 50309, US.

24. At all times material hereto, Defendant Foodstores was registered with the Colorado Secretary of State as Kum & Go Foodstores, LLC and Kum & Go, L.C.

25. At all times material hereto, Defendant Foodstores' registered agent was Corporation Service Company located at 1900 West Littleton Blvd, Littleton, CO 80120, US.

26. At all times material hereto, Defendant Foodstores conducted business in the County of Garfield, State of Colorado.

27. At all times material hereto, Defendant Kum & Go conducted business in the County of Garfield, State of Colorado.

28. At all times material hereto, the Premises was located at 705 Taugenbaugh Boulevard Rifle, CO 81650.

29. At all times material hereto, the Defendant conducted business under the trade name Kum & Go, L.C. ("Defendant L.C.").

30. At all times material hereto, Defendant L.C.'s principal office street address was 1150 Locust Street, Suite 301, Des Moines, IA 50309, US.

31. At all times material hereto, Defendant L.C. was registered with the Colorado Secretary of State as Kum & Go Foodstores, LLC and Kum & Go, L.C.

32. At all times material hereto, Defendant L.C.'s registered agent was Corporation Service Company located at 1900 West Littleton Blvd, Littleton, CO 80120, US.

33. At all times material hereto, Defendant L.C. conducted business in the County of Garfield, State of Colorado.

34. At all times material hereto, the Premises was located at 705 Taugenbaugh Boulevard Rifle, CO 81650.

35. At all times material hereto, Defendant Maverick owned the Premises.

36. At all times material hereto, Defendant Maverick maintained the Premises.

37. At all times material hereto, Defendant Maverick occupied the Premises.

38. At all times material hereto, Defendant Maverick managed the Premises.

39. At all times material hereto, Defendant Kum & Go owned the Premises.

40. At all times material hereto, Defendant Kum & Go maintained the Premises.

41. At all times material hereto, Defendant Kum & Go occupied the Premises.

42. At all times material hereto, Defendant Kum & Go managed the Premises.

43. At all times material hereto, Defendant Foodstores owned the Premises.

44. At all times material hereto, Defendant Foodstores maintained the Premises.

45. At all times material hereto, Defendant Foodstores occupied the Premises.

46. At all times material hereto, Defendant Foodstores managed the Premises.

47. At all times material hereto, Defendant L.C. owned the Premises.

48. At all times material hereto, Defendant L.C. maintained the Premises.

49. At all times material hereto, Defendant L.C. occupied the Premises.

50. At all times material hereto, Defendant L.C. managed the Premises.

51. In Colorado, a landowner has a non-delegable duty to protect invitees from unsafe conditions on their premises.

52. In Colorado, a landowner has a non-delegable duty to protect licensees from unsafe conditions on their premises.

53. In Colorado, a landowner is deemed to have constructive knowledge of unsafe conditions on their premises and is liable for injuries resulting therefrom,

54. In Colorado, a landowner's duty cannot be delegated.

55. On or about February 16, 2024, Plaintiff was injured while on the Premises.

56. At that time, Plaintiff slipped and fell on the Premises.

57. At that time, Plaintiff was injured when she slipped and fell due to ice on the parking lot surface and sidewalk after making a purchase and existing the Maverick Adventure's First Stop on the Premises.

58. At that time and place, Plaintiff suffered damages including economic damages, noneconomic damages, and physical impairment as a result of slipping on the ice that was present on the sidewalk and parking lot on the Premises.

59. On or about that time, Plaintiff was using reasonable care for her own safety.

60. On or about that time, there was no other way to enter the Maverick Adventure's First Stop on the premises without traversing over ice that was present and covering the sidewalk and parking lot.

61. On or about that time, Defendant Maverick knew or should have known about this dangerous condition on the Premises.

62. On or about that time, Defendant Maverick failed to safely maintain the Premises.

63. On or about that time, Defendant Kum & Go knew or should have known about this dangerous condition on the Premises.

64. On or about that time, Defendant Kum & Go failed to safely maintain the Premises.

65. On or about that time, Defendant Foodstores knew or should have known about this dangerous condition on the Premises.

66. On or about that time, Defendant Foodstores failed to safely maintain the Premises.

67. On or about that time, Defendant L.C. knew or should have known about this dangerous condition on the Premises.

68. On or about that time, Defendant L.C. failed to safely maintain the Premises.

69. As a result of this incident, Plaintiff is entitled to compensation for her injuries, damages, and losses.

## **FIRST CLAIM FOR RELIEF**
### (Premises Liability against Defendant Maverick.)

70. Plaintiff incorporates the above and below paragraphs herein by reference.

71. Defendant Maverick was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

72. Defendant Maverick was a landowner of the Premises at the time of the incident pursuant to C.R.S. § 13-21-115(7)(b).

73. On January 29, 2025, Plaintiff was a licensee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Maverick, defined in C.R.S. § 13-21-115(7)(c) as "a person who enters or remains on the land of another for the licensee's own convenience or to advance the licensee's own interests, pursuant to the landowner's permission or consent."

74. According to C.R.S. § 13-21-115(4)(b)(I)-(II), a licensee may only recover damages caused "… [b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of that the landowner actually knew about."

75. On January 29, 2025, Plaintiff was an invitee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Maverick.

76. An invitee is defined in C.R.S. § 13-21-115(7)(a) as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain."

77. According to C.R.S. § 13-21-115(4)(c)(I)-(II) "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew about or should have known about."

78. As a landowner, Defendant Maverick owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115, including a duty to inspect, maintain, and control the Premises so that hidden or latent conditions were rendered safe.

79. Additionally, Defendant Maverick owed Plaintiff a duty to prevent hazardous conditions on the Premises.

Exhibit A

80. Additionally, Defendant Maverick owed Plaintiff a duty to correct hazardous conditions on the Premises.

81. Additionally, Defendant Maverick owed Plaintiff a duty to eliminate hazardous conditions on the Premises.

82. Additionally, Defendant Maverick owed Plaintiff a duty to warn of hazardous conditions on the Premises.

83. Defendant Maverick failed to meet their duties relative to the hazardous conditions existing in the Premises at the time of the subject incident.

84. Defendant Maverick failed to exercise reasonable care to protect against dangers of which they actually knew existed on the Premises at the time of the subject incident.

85. Defendant Maverick failed to exercise reasonable care to protect against dangers of which they should have known existed on the Premises at the time of the subject incident.

86. Defendant Maverick unreasonably failed to correct the hazardous condition on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

87. Defendant Maverick unreasonably failed to eliminate the hazardous conditions on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

88. As a direct, foreseeable, and proximate result of Defendant Maverick's statutory failures, Plaintiff sustained injuries, damages, and losses.

89. As a direct, foreseeable, and proximate result of Defendant Maverick's statutory failures, Plaintiff has suffered and will continue to suffer, including, but not limited to, the following:

   a. Serious bodily injury;

   b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

   c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life; and

   d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

90. Additionally, as a direct, foreseeable, and proximate cause of Defendant Maverick's, statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

**SECOND CLAIM FOR RELIEF**
**(Premises Liability against Defendant Kum & Go)**

91. Plaintiff incorporates the above and below paragraphs herein by reference.

92. Defendant Kum & Go was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

93. Defendant Kum & Go was a landowner of the Premises at the time of the incident pursuant to C.R.S. § 13-21-115(7)(b).

94. On January 29, 2025 Plaintiff was a licensee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Kum & Go defined in C.R.S. § 13-21-115(7)(c) as "a person who enters or remains on the land of another for the licensee's own convenience or to advance the licensee's own interests, pursuant to the landowner's permission or consent."

95. According to C.R.S. § 13-21-115(4)(b)(I)-(II), a licensee may only recover damages caused "… [b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of that the landowner actually knew about."

96. On January 29, 2025, Plaintiff was an invitee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Kum & Go.

97. An invitee is defined in C.R.S. § 13-21-115(7)(a) as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain."

98. According to C.R.S. § 13-21-115(4)(c)(I)-(II) "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew about or should have known about."

99. As a landowner, Defendant Kum & Go owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115, including a duty to inspect, maintain, and control the Premises so that hidden or latent conditions were rendered safe.

100. Additionally, Defendant Kum & Go owed Plaintiff a duty to prevent hazardous conditions on the Premises.

101. Additionally, Defendant Kum & Go owed Plaintiff a duty to correct hazardous conditions on the Premises.

102. Additionally, Defendant Kum & Go owed Plaintiff a duty to eliminate hazardous conditions on the Premises.

103. Additionally, Defendant Kum & Go owed Plaintiff a duty to warn of hazardous conditions on the Premises.

104. Defendant Kum & Go failed to meet their duties relative to the hazardous conditions existing in the Premises at the time of the subject incident.

105. Defendant Kum & Go failed to exercise reasonable care to protect against dangers of which they actually knew existed on the Premises at the time of the subject incident.

106. Defendant Kum & Go failed to exercise reasonable care to protect against dangers of which they should have known existed on the Premises at the time of the subject incident.

107. Defendant Kum & Go unreasonably failed to correct the hazardous condition on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

108. Defendant Kum & Go unreasonably failed to eliminate the hazardous conditions on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

109. As a direct, foreseeable, and proximate result of Defendant Kum & Go's statutory failures, Plaintiff sustained injuries, damages, and losses.

110. As a direct, foreseeable, and proximate result of Defendant Kum & Go's statutory failures, Plaintiff has suffered and will continue to suffer, including, but not limited to, the following:

   a. Serious bodily injury;

   b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

   c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life; and

   d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

111. Additionally, as a direct, foreseeable, and proximate cause of Defendant Kum & Go's statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

### THIRD CLAIM FOR RELIEF
**(Premises Liability against Defendant Foodstores)**

112. Plaintiff incorporates the above and below paragraphs herein by reference.

113. Defendant Foodstores was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

114. Defendant Foodstores was a landowner of the Premises at the time of the incident pursuant to C.R.S. § 13-21-115(7)(b).

115. On January 29, 2025 Plaintiff was a licensee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Foodstores defined in C.R.S. § 13-21-115(7)(c) as "a person who enters or remains on the land of another for the licensee's own convenience or to advance the licensee's own interests, pursuant to the landowner's permission or consent."

116. According to C.R.S. § 13-21-115(4)(b)(I)-(II), a licensee may only recover damages caused "… [b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of that the landowner actually knew about."

117. On January 29, 2025, Plaintiff was an invitee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant Foodstores.

118. An invitee is defined in C.R.S. § 13-21-115(7)(a) as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain."

119. According to C.R.S. § 13-21-115(4)(c)(I)-(II) "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew about or should have known about."

120. As a landowner, Defendant Foodstores owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115, including a duty to inspect, maintain, and control the Premises so that hidden or latent conditions were rendered safe.

121. Additionally, Defendant Foodstores owed Plaintiff a duty to prevent hazardous conditions on the Premises.

122. Additionally, Defendant Foodstores owed Plaintiff a duty to correct hazardous conditions on the Premises.

10

123. Additionally, Defendant Foodstores owed Plaintiff a duty to eliminate hazardous conditions on the Premises.

124. Additionally, Defendant Foodstores owed Plaintiff a duty to warn of hazardous conditions on the Premises.

125. Defendant Foodstores failed to meet their duties relative to the hazardous conditions existing in the Premises at the time of the subject incident.

126. Defendant Foodstores failed to exercise reasonable care to protect against dangers of which they actually knew existed on the Premises at the time of the subject incident.

127. Defendant Foodstores failed to exercise reasonable care to protect against dangers of which they should have known existed on the Premises at the time of the subject incident.

128. Defendant Foodstores unreasonably failed to correct the hazardous condition on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

129. Defendant Foodstores unreasonably failed to eliminate the hazardous conditions on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

130. As a direct, foreseeable, and proximate result of Defendant Foodstores statutory failures, Plaintiff sustained injuries, damages, and losses.

131. As a direct, foreseeable, and proximate result of Defendant Foodstores statutory failures, Plaintiff has suffered and will continue to suffer, including, but not limited to, the following:

   a. Serious bodily injury;

   b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

   c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life; and

   d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

132. Additionally, as a direct, foreseeable, and proximate cause of Defendant Food Stores statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

# FOURTH CLAIM FOR RELIEF
## (Premises Liability against Defendant L.C)

133. Plaintiff incorporates the above and below paragraphs herein by reference.

134. Defendant L.C. was legally responsible for the activities conducted and circumstances that existed on the Premises at the time of the incident.

135. Defendant L.C. was a landowner of the Premises at the time of the incident pursuant to C.R.S. § 13-21-115(7)(b).

136. On January 29, 2025, Plaintiff was a licensee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant L.C. defined in C.R.S. § 13-21-115(7)(c) as "a person who enters or remains on the land of another for the licensee's own convenience or to advance the licensee's own interests, pursuant to the landowner's permission or consent."

137. According to C.R.S. § 13-21-115(4)(b)(I)-(II), a licensee may only recover damages caused "… [b]y the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner that the landowner actually knew about; or [b]y the landowner's unreasonable failure to warn of dangers not created by the landowner that are not ordinarily present on property of the type involved and of that the landowner actually knew about."

138. On January 29, 2025, Plaintiff was an invitee on the Premises owned, controlled, occupied, managed, and/or maintained by Defendant L.C.

139. An invitee is defined in C.R.S. § 13-21-115(7)(a) as "a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain."

140. According to C.R.S. § 13-21-115(4)(c)(I)-(II) "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which the landowner actually knew about or should have known about."

141. As a landowner, Defendant L.C. owed certain duties to Plaintiff enumerated in C.R.S. § 13-21-115, including a duty to inspect, maintain, and control the Premises so that hidden or latent conditions were rendered safe.

142. Additionally, Defendant L.C. owed Plaintiff a duty to prevent hazardous conditions on the Premises.

143. Additionally, Defendant L.C. owed Plaintiff a duty to correct hazardous conditions on the Premises.

144. Additionally, Defendant L.C. owed Plaintiff a duty to eliminate hazardous conditions on the Premises.

145. Additionally, Defendant L.C. owed Plaintiff a duty to warn of hazardous conditions on the Premises.

146. Defendant L.C. failed to meet their duties relative to the hazardous conditions existing in the Premises at the time of the subject incident.

147. Defendant L.C. failed to exercise reasonable care to protect against dangers of which they actually knew existed on the Premises at the time of the subject incident.

148. Defendant L.C. failed to exercise reasonable care to protect against dangers of which they should have known existed on the Premises at the time of the subject incident.

149. Defendant L.C. unreasonably failed to correct the hazardous condition on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

150. Defendant L.C. unreasonably failed to eliminate the hazardous conditions on the Premises (i.e., the ice on the sidewalk at the entrance), which they actually knew or reasonably should have known existed on the Premises at the time of the incident.

151. As a direct, foreseeable, and proximate result of Defendant L.C.'s statutory failures, Plaintiff sustained injuries, damages, and losses.

152. As a direct, foreseeable, and proximate result of Defendant L.C.'s statutory failures, Plaintiff has suffered and will continue to suffer, including, but not limited to, the following:

   a. Serious bodily injury;

   b. Past and future economic expenses, losses, and damages including, but not limited to, medical and other health care rehabilitation expenses related to Plaintiff's injuries, wage loss, past and future loss of earnings, loss of earning capacity, and loss of time;

   c. Past and future non-economic expenses, losses, and damages, including, but not limited to, pain and suffering, inconvenience, emotional stress, loss of enjoyment of life, and impairment of quality of life; and

   d. Temporary and permanent physical impairment and disfigurement, injuries, and disabilities.

153. Additionally, as a direct, foreseeable, and proximate cause of Defendant L.C.'s statutory failures, Plaintiff has been rendered more vulnerable to subsequent injury.

**<u>PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.</u>**

WHEREFORE, Plaintiff respectfully requests this Court enter judgment for her against Defendants Maverick Adventure's Fist Stop (hereinafter "Defendant Maverick"), Kum & Go (hereinafter "Defendant Kum & Go"), Kum & Go Foodstores, LLC,(hereinafter "Defendant Foodstores") and Kum & Go, L.C. (hereinafter "Defendant L.C.") (hereinafter collectively "Defendants") individually and respectively in an amount to fairly and reasonably compensate Plaintiff for her injuries, damages, and losses as set forth above, including, but not limited to, economic damages, non-economic damages, physical impairments and disfigurement, property damage, loss of earnings and loss of future earnings, expert witness fees, statutory interest pursuant to Colorado law, and for other such relief as this Court deems just and proper.

Dated this 15th day of December, 2025.

**RAMOS LAW**

*This pleading was filed electronically pursuant to Rule 121, § 1-26. The original signed pleading is in counsel's file.*

By: */s/ Juliet Stockton*
　　Juliet Stockton, Esq., #43193
　　*ATTORNEYS FOR PLAINTIFF*

**Plaintiff's Address:**
645 Clarkson Avenue
Rifle, CO 81650